UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREGORY A. ROYAL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:17cv261 |
| ) | |
| ANDREI IANCU, ) | |
|    Under Secretary of Commerce for ) | |
|    Intellectual Property & Director of ) | |
|    the Patent & Trademark Office, ) | |
| ) | |
| WILBUR ROSS, ) | |
|    Secretary of Commerce, ) | |
| ) | |
| KIRSTJEN M. NIELSEN, ) | |
|    Secretary of Homeland Security, ) | |
|    *et al.*,[1] ) | |
| ) | |
|    Defendants. ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

Pursuant to Local Rule 7(F)(1), the official capacity defendants, through their undersigned counsel, hereby respectfully submit the instant memorandum of law in opposition to plaintiff's request for entry of default in the above-captioned action.

**INTRODUCTION**

This Court initially dismissed the instant civil action because plaintiff failed to respond to this Court's order to show cause. Plaintiff thereafter moved to vacate that dismissal, which this

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrei Iancu, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, Wilbur Ross, Secretary of Commerce, and Kirstjen Nielsen, Secretary of Homeland Security, in their official capacities, are hereby substituted as a matter of law as party defendants for Michelle Lee, Penny Pritzker, and Jeh Johnson, respectively.

1

Court ultimately granted in March 2018. But neither defendants nor their undersigned counsel received notice of this Court's order reinstating the civil action because—as a result of the prior dismissal—defendants were not required to appear in the case. Indeed, undersigned counsel only learned of that order *after* plaintiff filed a motion for default judgment (which itself does not identify this Court's reinstatement order) and he conducted an investigation of the circumstances surrounding this civil action.

Under these circumstances, this Court should not enter default judgment against defendants for several reasons. *First*, plaintiff has not sought to obtain default *itself* against defendants, which is a necessary prerequisite to the entry of default judgment. *Second*, even had plaintiff obtained the entry of default from the Clerk of Court, Fourth Circuit authority would have required vacatur of the same. Defendants moved with alacrity upon learning of this Court's reinstatement order and has several meritorious defenses to plaintiff's claims, and in any event, pursuant to Federal Rule 55(d), the United States cannot be held in default absent extraordinary circumstances not present here.

## PROCEDURAL HISTORY

1.  In March 2017, plaintiff Gregory Royal—a former patent examiner with the United States Patent and Trademark Office ("USPTO"), proceeding *pro se*—filed his complaint in the above-captioned action (Dkt. No. 1). Plaintiff's complaint generally sounds in employment discrimination; in particular, plaintiff maintains that USPTO officials subjected him to a hostile work environment, and ultimately terminated his employment, as a result of discriminatory and retaliatory animus (*Id.*). Premised on these allegations, plaintiff asserts five separate claims pursuant to Title VII of the Civil Rights Act of 1964 (*Id.* ¶¶66-76). Plaintiff also avers that the Federal Protective Service (a component of the Department of Homeland Security) and the

USPTO's internal Equal Employment Opportunity ("EEO") office failed to investigate his allegations, for which plaintiff asserts claims pursuant to 42 U.S.C. § 1983 (*Id.* ¶¶77-84). Plaintiff has named the Secretaries of Commerce and Homeland Security, the Director of the USPTO, and the Director of the USPTO's EEO Office, as party defendants.

On June 7, 2017, ninety days after the filing of plaintiff's complaint, *see* FED. R. CIV. P. 4(m), this Court entered an order directing plaintiff, within one week, to show cause why the action should not be dismissed for lack of service (Dkt. No. 3). Plaintiff failed to respond, and as such, on June 21, 2017, this Court dismissed the instant civil action without prejudice (Dkt. No. 4). On July 3, 2017, plaintiff filed a motion to vacate this Court's dismissal, maintaining that he had effectuated service on the various defendants before the ninety-day period mandated by Federal Rule 4(m) (Dkt. No. 6).[2]

Nearly eight months later, on March 1, 2018, this Court granted plaintiff's motion to vacate, and thus reinstated the instant civil action (Dkt. No. 7). Although this Court's order directed the Clerk of Court to transmit its order to any "counsel of record" (*id.*), none of the defendants had appeared in the action given this Court's prior dismissal, and thus the order was not transmitted the Office of the United States Attorney for this district. And to the best of undersigned counsel's knowledge, plaintiff did not himself direct a copy of this Court's reinstatement order to any of the defendants or the Office of the United States Attorney.

2. On October 15, 2018, plaintiff filed a number of papers in this Court, and served those papers on the Office of the United States Attorney (Dkt. Nos. 9-11). In particular, plaintiff has moved this Court for the entry of default judgment against each of the defendants, maintaining

---

[2]The attachments to plaintiff's motion to vacate indicate that, with respect to former Secretary of Homeland Security Johnson, service was only effectuated at the United States Department of Justice (*i.e.*, 950 Pennsylvania Avenue) (Dkt. No. 5, at 4).

3

that the defendants had failed to respond to his complaint since he effectuated service upon them on June 7, 2017 (Dkt. No. 11).  Plaintiff's motion does not reference, however, either this Court's earlier dismissal of his civil action or its subsequent reinstatement of the same, *id.*, and plaintiff has not noticed his motion for a hearing, *see* LOC. CIV. P. 7(E).

Undersigned counsel immediately investigated the underlying circumstances upon receiving plaintiff's papers approximately ten days ago.  During this investigation, undersigned counsel discovered, on the public docket, this Court's March 2018 order of reinstatement.  After learning of this reinstatement, the USPTO obtained and transmitted to undersigned counsel the Report of Investigation ("ROI") that the agency conducted of plaintiff's allegations of employment discrimination before plaintiff filed the instant civil action, which contains over 2000 pages of materials.

3.        The Federal Rules of Civil Procedure typically provide the United States and its agencies with sixty (60) days to respond to a civil action.  *See* FED. R. CIV. P. 12(a)(2).  Nevertheless, defendants warrant that—barring any extraordinary and unexpected circumstances—they will be in a position to answer or otherwise respond to plaintiff's complaint in this action[3] within thirty (30) days of this filing.  Defendants seek that amount of time given the breadth of plaintiff's allegations and claims, and the expansive amount of documentary material that was amassed during the administrative process that preceded this civil action.

---

[3]Undersigned counsel's investigation also revealed that plaintiff has filed a *new* civil action, with a complaint that appears at first glance to be a carbon copy of his complaint in the instant action (with the inclusion of the *current* Secretaries of Commerce and Homeland Security, and USPTO Director, as party defendants).  *See Royal v. Iancu*, No. 1:18cv1183 (E.D. Va.).  Plaintiff does not appear to have completed effectuation of service of this complaint as yet.

# ARGUMENT

**I.     PLAINTIFF IS NOT ENTITLED TO A DEFAULT JUDGMENT**

At the outset, plaintiff is not entitled to the entry of default judgment for a simple reason – he has yet to ask the Clerk of this Court to enter default *itself*.  *See* FED. R. CIV. P. 55(a); (b)(1); *see also Husain v. Casino Control Comm'n*, 265 Fed. Appx. 130, 133 (3d Cir. 2008) (holding that "entry of default by the Clerk . . . constitutes a general prerequisite for a subsequent default judgment"); *Danielson v. Human*, 2013 WL 12218467, at *1 (W.D.N.C. Oct. 21, 2013).  For that reason alone, plaintiff's instant motion must be denied.  But even *had* plaintiff already obtained entry of default, he still would not be entitled to the entry of default judgment, something that defendants address here solely in an abundance of caution.

1.     For nearly fifty years, the Fourth Circuit has held that Federal Rule 55 should be "liberally construed in order to provide relief from the onerous consequences of defaults." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).  It is thus well-settled that "[t]he law disfavors default judgments as a general matter." *Tazco, Inc. v. Director*, 895 F.2d 949, 950 (4th Cir. 1990); *see also Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 433 (E.D. Va. 2006).[4] Applying this general notion, the Fourth Circuit has articulated the following standard as governing relief from default:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

---

[4]Because these decisions relate to the entry of default *judgments*, the proposition for which these decisions stand *a fortiori* apply to the lesser entry of mere default.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). These factors easily weigh in defendants' favor.

Defendants certainly have "meritorious defenses" to plaintiff's putative claims. As the Fourth Circuit has recognized, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727; *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." (quoting 10 C. WRIGHT, *ET AL.*, FEDERAL PRACTICE & PROCEDURE § 2697, CIVIL 2D, at 531)). As demonstrated by the detailed Final Agency Decision issued by the USPTO at the conclusion of the administrative process—after an EEOC Administrative Judge dismissed plaintiff's request for a hearing based on his own litigative misconduct—plaintiff's claims are factually and legally meritless. *Defendants' Exhibit* ("DEX") A. At the very least, there is evidence that would allow a trier of fact to rule in favor of defendants here.[5]

The remaining factors also favor relief from any default. There is no real prejudice to plaintiff.[6] Defendants have also moved with more than "reasonable promptness" after

---

[5]And with respect to plaintiff's final two claims, even leaving aside the factual problems with those claims, it is well-established that § 1983 does not provide a cause of action against *federal* officials, *see Redondo-Borges v. HUD*, 421 F.3d 1, 6 (4th Cir. 2005), and that sovereign immunity precludes recovery of money damages against federal officials sued in their official capacities, *see Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002), *aff'd on other grounds*, 540 U.S. 614 (2004).

[6]Plaintiff speculates in his instant motion that the delay might have caused a loss of evidence in support of his claims. *Default Mtn.* (Dkt. No. 10), at 2 ¶4. But plaintiff is simply

discovering this Court's reinstatement order.  Indeed, defendants' instant motion is being filed less than two weeks after learning of the reinstatement order.  *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418-21 (4th Cir. 2010) (excusing a party from default where party took action nine (9) days after being informed of its failure to respond in a timely fashion).  There is also no "history of dilatory action" on the part of defendants here, as neither they nor undersigned counsel received a copy of this Court's reinstatement order.

Accordingly, even without considering the particular rules governing the entry of default against the United States or its agencies, this Court should not institute default judgment here.

2.	With respect to those civil actions in which *federal officials* are defendants, however, the Federal Rules place a larger hurdle in the path of default:

> A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

FED. R. CIV. P. 55(d).  As one court has noted, this rule is "more restrictive than the typical standard for default" and "entry of default judgment against the United States . . . will not be based simply on a failure to file an answer or responsive pleading."  *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 (N.D. Ga. 2004), *aff'd on other grounds*, 151 Fed. Appx. 860 (11th Cir. 2005); *see also Barker v. Bd. of County Commr's*, 24 F. Supp. 2d 1120, 1131 (D. Colo. 1998).  More importantly here, "[a]s a practical matter . . . when the government's default is due to a failure to plead or otherwise defend, the court typically either will refuse to enter a default or, if a

---

wrong, aside from his lack of any identified support for such a statement.  The USPTO prepared an over 2000 page ROI during the administrative process preceding the instant civil action, which includes 21 affidavits from putative witnesses to plaintiff's allegations and other documentary evidence regarding the same.  The USPTO has had a litigation hold on relevant materials since the filing of plaintiff's administrative claims.

default is entered, it will be set aside." 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2702 (4th ed. 2018).

Defendants neither invoke this rule lightly nor seek to inculcate the impression that they are entitled to ignore the obligation to respond to complaints in a timely fashion. As stated above, the untimely nature of the United States' response under these circumstances was the result of an unfortunate event—the failure to receive a copy of this Court's reinstatement order. As such, Federal Rule 55(d) precludes the entry of default judgment here.

## II. THIS COURT SHOULD ENTER AN ORDER REQUIRING DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT WITHIN 30 DAYS

As stated above, under the Federal Rules, federal officials typically have sixty (60) days to answer or otherwise respond to a complaint after service on the United States Attorney's Office for the relevant district. *See* FED. R. CIV. P. 12(a)(2). And here, because this Court had dismissed the instant action, there was no cause for the defendants to answer or otherwise respond *until* such time as this Court reinstated the action. Presumably, although not addressed by this Court's prior order, defendants' sixty-day period would have commenced at the time of that order, or, as applied to the instant circumstances, once defendants learned of that order's existence.

Given the delays that have already hindered the efficient resolution of plaintiff's civil action, however, defendants do not want to prolong these proceedings any longer than necessary. After learning of the size of the massive record that was created during the administrative process, defendants believe that, barring any unforeseen circumstances, they will be able to answer or otherwise respond to plaintiff's complaint within thirty (30) days, or November 28, 2018.

## **CONCLUSION**

For the reasons stated above, this Court should not enter default judgment against defendants, and should instead order defendants to answer or otherwise respond to plaintiff's complaint by November 28, 2018.

                              Respectfully submitted,

                              G. ZACHARY TERWILLIGER
                              UNITED STATES ATTORNEY

By:         /s/
                DENNIS C. BARGHAAN, JR.
                Deputy Chief, Civil Division
                Assistant U.S. Attorney
                PETER SAWERT
                Special Assistant U.S. Attorney
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Telephone: (703) 299-3891
                Fax:       (703) 299-3983
                Email:  dennis.barghaan@usdoj.gov

DATE: October 29, 2018        ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and will send a true and correct copy of the foregoing to the following non-filing user via first-class mail:

                Gregory Allen Royal
                8100 N. Mopac Expressway, Apt. 277
                Austin, Texas  78759

Date:  October 29, 2018                                    /s/
                                            PETER J. SAWERT
                                            Special Assistant U.S. Attorney
                                            2100 Jamieson Avenue
                                            Alexandria, Virginia 22314
                                            Telephone: (703) 299-3995
                                            Fax:           (703) 299-3983
                                            Email:  peter.j.sawert@usdoj.gov

                                            ATTORNEYS FOR DEFENDANTS