Exhibit 23

AAO 202-955

# UNITED STATES PATENT AND TRADEMARK OFFICE

## ANTI-HARASSMENT POLICY AND COMPLAINT PROCEDURE
### Agency Administrative Order 202-955

**Date of Issuance:**
**Effective Date:** November 21, 2009

## TABLE OF CONTENTS

**Section**

I. Purpose
II. Background
III. Scope
IV. Procedures
V. Reporting to the Office of Inspector General
VI. EEO Counseling and Formal EEO Complaints
VII. Effect on USPTO Policy on Anti-Harassment

002121

AAO 202-955

# ANTI-HARASSMENT POLICY AND COMPLAINT PROCEDURE

I. **PURPOSE**

The purpose of this Order is to provide guidance to managers and supervisors in taking action on incidents of allegations of harassment prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) *et seq.*, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, the Genetic Information Nondiscrimination Act of 2008 (GINA), and 42 U.S.C. § 2000ff *et seq.* These statutes prohibit, among other things, harassment based on sex, race, color, national origin, age, religion, disability, genetic information or reprisal. In addition, pursuant to Executive Order 11478, as amended by Executive Orders 12106 and 13087 (collectively, the Executive Order); the Executive Memorandum of June 17, 2009; and 5 U.S.C. § 2302 of the Civil Service Reform Act of 1978, as amended, these procedures are also applicable to allegations of harassment based on sexual orientation, gender identity and/or expression.

Harassment targeted at any individual or group will not be tolerated by the United States Patent and Trademark Office (USPTO). Similarly, employees must feel free to report such conduct without fear of retaliation. This Order also provides an expedited, effective procedure to encourage employees to come forward with harassment allegations. The procedures established in this Order are distinct from the equal employment opportunity (EEO) programs of the USPTO. This Order provides an expedited process for reviewing allegations of harassment, stopping further incidents of harassment, and taking appropriate corrective action up to and including removal from Federal service. The EEO complaint process is focused on providing remedial relief to the employee affected by the discrimination.

II. **BACKGROUND**

The USPTO is responsible for maintaining a workplace free of prohibited discrimination. As part of this responsibility, supervisors and managers are responsible for addressing and correcting employee misconduct. Prohibited harassment involves employee conduct which should be immediately addressed and corrected by an appropriate authority within the USPTO.

Employees have recourse to several forums when they believe that their supervisor has not effectively addressed such allegations. The allegations or incidents covered in this Order are such that immediate appropriate action by the manager or supervisor to resolve such matters is mandatory without regard to which forum an employee selects in pursuing an allegation. Failure of managers and supervisors to address allegations of harassment can result in serious consequences for the USPTO.

002122

AAO 202-955

### III. SCOPE

This Order covers incidents or allegations of misconduct involving harassment prohibited by Federal law, whether ongoing or completed. Prohibited harassment includes conduct by supervisors, non-supervisors, and contractors who have access to the USPTO's workplace. The conduct covered by this AAO involves:

- The targeting of an employee for harassment because of his/her sex (this includes harassment which is not necessarily sexual in nature) or other protected status; a pattern of pervasive harassment in the work unit, including unwelcome behavior towards an individual or individuals which has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment; or

- A single incident of prohibited harassment of such a serious nature that the continued effective functioning of the unit will be impacted.

### IV. PROCEDURES

#### A. Employee Responsibility For Reporting Allegations of Prohibited Harassment

- Employees are strongly encouraged to report any incident they perceive to be prohibited harassment, to include both incidents personally experienced, and those reported to them and/or witnessed by them. As soon as the incident occurs, employees may either report it to their first or second level supervisor, or to Employee Relations (ER).

- To the extent possible, the USPTO will protect the confidentiality of employees who report prohibited harassment. However, the USPTO cannot guarantee complete confidentiality, since it cannot conduct an effective inquiry without revealing certain information to the alleged harasser and potential witnesses. The USPTO is committed to ensuring that the allegation of harassment is shared only with those who have a need to know.

- Employees who make reports of prohibited harassment or provide information related to such reports will be protected from retaliation.

All reports of prohibited harassment when reported to or received by ER will be promptly evaluated to determine if they are within the scope of this AAO. Those reports which fall within the scope will be thoroughly and impartially reviewed in accordance with the procedures in this AAO.

002123

AAO 202-955

**B.** **Management's Responsibility For Reporting Allegations of Prohibited Harassment**

- A manager or supervisor who receives an allegation of prohibited harassment from an employee must immediately report the allegation to the ER Division Chief. Failure by the manager or supervisor to report the allegation could result in corrective action for failure to adhere to the provisions of this AAO.

- In all cases, the manager or supervisor to whom the incident is reported, must inform the employee of his or her right to seek counseling from the servicing Equal Employment Opportunity Officer or from the Office of Equal Employment Opportunity and Diversity. The employee should be informed that initial counseling contact must occur within 45 days from the date of the alleged harassing incident.

- In some instances, an employee may request that a manager or supervisor keep the employee's allegations of prohibited harassment confidential. In such instances, the manager or supervisor is obligated to inform the ER Division Chief of the allegations. The responsible manager or supervisor must also inform the employee that the agency cannot guarantee complete confidentiality because it has an affirmative duty to prevent and correct harassment.

**C.** **Incidents Where Facts Are Known and Not in Dispute**

Employees may allege, or managers and supervisors may become aware of, incidents of prohibited harassment where the facts are not in dispute, i.e., where all parties admit that the allegations are true. In such situations, appropriate corrective action, including but not limited to stopping any ongoing harassment, should be taken immediately in consultation with the ER Division.

**D.** **Incidents Where Facts Are in Dispute**

Whenever an allegation of harassment has been made, the responsible manager or supervisor must refer it to the ER Division Chief. The ER Chief will select someone to conduct an inquiry. ER will provide advice and assistance and, where appropriate, conduct an inquiry. Where the allegations concern the employee's direct or first-line supervisor or a co-worker in the unit, consideration should be given, after consultation with the Office of General Counsel (OGC), to undertake immediate measures before completing the inquiry to ensure that the opportunity for additional actual or perceived harassment does not occur. Examples of such measures are:

- Making scheduling changes so as to avoid contact between the parties; using other appropriate tools to separate the parties, including details or

002124

AAO 202-955

other temporary work assignments, or nondiscriminatory leave with pay pending the conclusion of the inquiry; or

- Having the employee report to an alternative supervisor or manager while the inquiry is being conducted, if the employee voluntarily agrees that this should be done. Such an offer to the employee should be made only after consultation with ER and OGC.

E. **Procedures for Conducting an Inquiry**

Any inquiry must result in a record sufficient to support a corrective action to be taken or must indicate that there is insufficient evidence to support corrective action.

- The person selected to perform the inquiry shall take signed sworn statements from the employee who has alleged harassment, from the employee against whom the allegations are made and from any appropriate witnesses.

- The person conducting the inquiry is responsible for ensuring that all labor relations obligations are met in conducting the inquiry.

- The following process should be followed in the course of the inquiry:

    - Confirm the name, position and supervisory chain of the employee;

    - Identify the alleged misconduct and the names of those parties allegedly responsible for the conduct;

    - Obtain from the employee a description of the alleged actions/comments, the dates, times and locations of the alleged actions/comments, as well as the names of any witnesses to, or persons with knowledge of the alleged actions/comments;

    - With regard to allegations of sexual harassment, determine specifically whether the employee is claiming that someone has made and/or carried out any threats or promises regarding the employee's terms and conditions of employment in relation to the harassing conduct;

    - Obtain from those accused of the alleged misconduct a detailed response to each of the employee's allegations, as well as the names of witnesses who can corroborate the accused's account of events;

AAO 202-955

- Obtain appropriate witness statements regarding the alleged misconduct; and

- Inform all interviewees about the prohibition forbidding retaliation against the employee who reported the alleged harassment.

- When the inquiry is completed, any findings should be shared with the appropriate management officials in the business units, and with OGC.

- In all instances, an inquiry will be completed. Corrective action will be taken as appropriate.

F. **Where an Inquiry Results in a Finding that Misconduct Has Occurred**

In such situations, corrective action, including but not limited to stopping any ongoing harassment, shall be immediately taken. ER shall maintain a record of all inquiries conducted in accordance with this Order which result in disciplinary action. This record shall be maintained in the appropriate ER case file in accordance with established guidelines. This requirement does not affect any other record keeping requirements that may apply to inquiries conducted in accordance with this Order.

V. **REPORTING TO THE OFFICE OF INSPECTOR GENERAL**

USPTO officials and employees are not required to report evidence of individual harassment to the Office of Inspector General (OIG). If, however, there is evidence of a pattern of harassment discrimination within the USPTO, that evidence should be reported to the OIG in accordance with DAO 207-10, "Inspector General Investigations." Reporting evidence of a pattern of harassment to the OIG does not relieve the USPTO of its obligations to identify and correct the situation. In appropriate cases, the OIG will advise the USPTO if USPTO proposed actions could interfere with OIG proceedings.

VI. **EEO COUNSELING AND FORMAL EEO COMPLAINTS**

An employee or applicant for employment who believes that he or she has been discriminated against on a protected basis must contact an Office of Equal Employment Opportunity and Diversity EEO Counselor prior to filing a formal complaint. If an employee or applicant raises issues of harassment during the informal counseling period, the Office of Equal Employment Opportunity and Diversity will notify the ER Chief. The EEO Counselor will assist management and employees in resolving allegations of discrimination but is not authorized to conduct inquiries into employee misconduct (the EEO Counselor only conducts limited fact-finding for the purpose of informally resolving the matter). The EEO Counselor, with the consent of the employee, may extend the informal EEO counseling process for an additional 30 (or 60) days. If the counselee does not grant an extension, then the counseling window is only 30 days.

002126

AAO 202-955

Where an employee files a formal EEO complaint regarding prohibited harassment, a copy of any inquiry done by the USPTO, pursuant to this AAO, will be forwarded to the Office of Equal Employment Opportunity and Diversity for inclusion in the Report of Investigation.

- EEO complaints are filed against the USPTO. Accordingly, the matter to be decided when complaints of prohibited harassment are adjudicated is whether the USPTO acted properly in maintaining a workplace free of prohibited harassment. In almost all instances, the appropriate manager or supervisor will be informed of the allegation(s) either directly by the aggrieved employee or by an EEO Counselor, during the EEO process. The USPTO officials who are put on notice of allegations of prohibited harassment are responsible for acting in accordance with the requirements of this Order and for ensuring that no person is subject to retaliation for opposing any practice made unlawful under Federal anti-discrimination law or for participating in any proceeding under these statutes.

## VII. EFFECT ON USPTO POLICY ON ANTI-HARASSMENT

This Amended Order supersedes the USPTO Policy Statement on Prohibited Harassment in the Workplace, dated December 5, 2000.

ISSUED BY:

_____   10-21-10
Bismarck Myrick                     Date
Director, Office of Equal Employment Opportunity and
Diversity

APPROVED BY:

_____   12/6/10
David J. Kappos                     Date
Under Secretary of Commerce for Intellectual Property and
 Director of the United States Patent and Trademark Office

OFFICES OF PRIMARY INTEREST: Office of Equal Employment Opportunity and Diversity/Office of Human Resources

002127