**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**GREGORY ALLEN ROYAL,**

        **v.**                                      **Civil Action No. 1:17cv261**

**ANDREI IANCU, et al.**

## <u>ORDER</u>

The *pro per* plaintiff formerly worked at the United States Patent and Trademark Office ("USPTO") as a probationary patent examiner.   On September 4, 2014, plaintiff was terminated by the USPTO at the end of his year-long probationary period.   Plaintiff sued the USPTO, alleging disparate treatment on the basis of race and gender, retaliation based on protected activity under Title VII, and a hostile work environment based on racial and sex-based animus. The USPTO moved for summary judgment, and an order issued on February 28, 2019, granting the USPTO's motion.   Plaintiff has now filed two motions seeking to overturn the February 28th Order: (i) a motion for reconsideration, and (ii) a motion for objections to the February 28th Order.[1]

Reconsideration of a final order is an extraordinary remedy which is only appropriate in three limited circumstances: (i) to accommodate an intervening change in controlling law; (ii) to account for new evidence not available at trial; or (iii) to correct a

---

[1] These two motions will both be treated as a motion for reconsideration.

clear error of law or prevent manifest injustice. *See United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017); *see also* Fed. R. Civ. P. 59(e). Here, plaintiff fails to present any intervening change in controlling law or any evidence that was unavailable at the time summary judgment was entered. Instead, he claims that the Court clearly erred by granting the USPTO's motion for summary judgment. Plaintiff's clear error argument appears to be threefold: (i) that the Court clearly erred by denying plaintiff full discovery; (ii) that the Court clearly erred by failing to consider direct evidence of discrimination; and (iii) that the Court clearly erred by improperly assuming the USPTO's statement of facts to be true after plaintiff failed to comply with the Local Rule requiring him to respond to every material fact in the USPTO's motion.

First things first, plaintiff's lack of discovery argument fails because there was a fulsome administrative record in this case and plaintiff would have had an opportunity to conduct discovery as part of the administrative process but-for his own misconduct. Moreover, even if plaintiff would have been granted discovery, this would not have remedied his failure to respond to the USPTO's statement of undisputed, material fact. And finally, plaintiff was given multiple opportunities to amend his complaint to state a cause of action. Ultimately, the USPTO decided to move for summary judgment rather than seek another motion to dismiss. But if the USPTO had filed a motion to dismiss and relied exclusively on the allegations in the complaint (instead of referring to the administrative record), plaintiff's claims would have still been dismissed with prejudice and judgment would still have been entered in favor of the USPTO.

Second, the order issued on February 28, 2019 directly and unambiguously

2

addresses plaintiff's argument regarding direct evidence:

> On this summary judgment record, no explicit discriminatory statements or actions were made or taken by the USPTO or its employees against plaintiff.   Instead, plaintiff asks that discrimination be inferred based on the way he was treated by the USPTO and his fellow co-workers.   Where, as here, plaintiff fails to produce direct evidence that his treatment and/or termination was based on discriminatory animus by the USPTO, he can survive summary judgment only if he establishes prima facie cases of race and gender discrimination using the *McDonnell-Douglas* burden shifting framework.

(Doc. 53 at 9.)  Because there is no direct evidence of discrimination on this record, the Court did not commit clear error by making such a finding.

Finally, the Court did not err by treating the USPTO's statement of undisputed material facts as true. Local Civil Rule 56(B) provides that:

> A brief in response to [] a motion [for summary judgment] shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

EDVA Civ. Loc. R. 56(b). Plaintiff, who reports to be an attorney and member of the Bar of the State of Illinois, failed to respond to the USPTO's statement of undisputed material fact, as required by the Rule, despite being warned on previous occasions that he must comply with all Federal and Local rules.  Plaintiff chose not to follow the rules and must now live with the consequences.

Because none of the reasons plaintiff provides for reconsideration are sufficient to

grant his motion,

It is hereby **ORDERED** that plaintiff's motion for reconsideration (Doc. 55) and

motion for objections (Doc. 57) are **DENIED**.  The hearing set for tomorrow at 10:00 a.m.

is cancelled.

To appeal this decision, or any other decision of this Court, plaintiff must file a

written Notice of Appeal with the Clerk of this court within thirty (30) days of receiving

an order that aggrieves him.  Failure to file a timely Notice of Appeal waives the right to

appeal.

The Clerk is directed to provide a copy of this Order to plaintiff at his last known

address and to all counsel of record.


Alexandria, Virginia
April 18, 2019

T. S. Ellis, III
United States District Judge

4